# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| Eric Mwangi; and Pauline Mwicharo, | ) | |
| | ) | |
| Appellants, | ) | Case No.: 2:12-cv-00683-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| Wells Fargo Bank, N.A., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

In this bankruptcy appeal, Appellants Eric Mwangi and Pauline Mwicharo seek review under 28 U.S.C. § 158(c)(1) of an order of the United States Bankruptcy Court for the District of Nevada ("the Bankruptcy Court"), in which their Motion for Sanctions for Violation of Automatic Stay was denied, and judgment was entered in favor of Appellee Wells Fargo Bank, N.A. ("Wells Fargo"). Appellants ask the Court to reverse the Bankruptcy Court's Order and Judgment denying their motion for sanctions and granting Appellee's motion for entry of judgment in Appellee's favor. For the reasons explained below, the Bankruptcy Court's Order and Judgment is affirmed.

## I. BACKGROUND

On August 3, 2009, Appellants filed a voluntary petition for Chapter 7 bankruptcy, triggering an automatic stay pursuant to 11 U.S.C. § 362. On August 6, 2009, Wells Fargo sent a letter to Appellants and their counsel, indicating that $11,086.88 and $5,988.18 of the funds in Appellants' respective bank accounts would no longer be available to Appellants because of Appellants' bankruptcy status. (Letters to Appellants from Wells Fargo, Aug. 6, 2009, Ex. A to Mot. Sanctions, Dkt. 30-1, ER 13-14 at Ex. 2, ECF No. 10-1.) Wells Fargo explained that this action was taken pursuant to 11 U.S.C. §§ 541, 542, and that it had "asked for instruction from

the trustee." (*Id.*)  Wells Fargo also sent a letter to the trustee, indicating that $17,075.06 of Appellants' funds were "in bankruptcy status, which means the funds are payable only to you or upon your order." (Letter to Trustee from Wells Fargo, Aug. 6, 2009, Ex. 1 to Obj. Mot. Sanctions, Dkt. 45, ER 28-29 at Ex. 4, ECF No. 10-2.)  Wells Fargo also indicated that the funds "will remain in bankruptcy status until we receive direction from you regarding their disposition or on October 12, 2009, which is 31 days after the scheduled First Meeting of Creditors," and attached a form for the trustee to return with instructions. (*Id.*)

On August 11, 2009, Appellants amended Schedules B and C to exempt the money in their Wells Fargo bank accounts as wages pursuant to Nevada state statute. (Amended Schedules B and C, Dkt. 14, ER 1-6 at Ex. 1, ECF No. 10-1.)

On August 18, 2009, Appellants' counsel spoke with a Wells Fargo representative and requested that the freeze be lifted. (Burke Aff., Ex. B to Mot. Sanctions, Dkt. 30-2, ER 15-16 at Ex. 2, ECF No. 10-1.)  The Wells Fargo representative stated that the freeze would not be lifted unless the trustee agreed. (*Id.*)  On August 25, 2009, Appellants' counsel sent a follow-up letter to Wells Fargo. (Letter to Wells Fargo from Burke, Aug. 25, 2009, Ex. C to Mot. Sanctions, Dkt. 30-3, ER 17 at Ex. 2, ECF No. 10-1.)

On August 27, 2009, Appellants moved for sanctions pursuant to 11 U.S.C. § 362(k) against Wells Fargo for violation of the automatic stay. (Mot. Sanctions, Dkt. 30, and Supplement, Dkt. 34, ER 7-19 at Exs. 3-4, ECF Nos. 10-1, 10-2.)  Appellants requested that the freeze be lifted, and for the imposition of $1,000 in sanctions, plus $1,000 attorney fees. (*Id.*)

In response, Wells Fargo explained that its actions were a "temporary administrative pledge" pending instruction from the trustee, taken "in compliance with its standard procedures when it is notified that a depositor has filed an individual Chapter 7 bankruptcy petition." (Tafoya Decl. to Obj. Mot. Sanctions, Dkt. 45, ER 80-82 at Ex. 4, ECF No. 10-2.)  Wells Fargo explained that these actions "are designed to provide an opportunity for bankruptcy trustees to

1   determine exemptions asserted against such accounts and to instruct Wells Fargo on the

2   distribution of funds." (*Id.*)  Finally, Wells Fargo explained that the trustee had informed Wells

3   Fargo that he "will not make a decision on whether to object to or honor the Debtors' claim of

4   exemption as to the four accounts until after the § 341 meeting of creditors," which Wells

5   Fargo was "informed was continued at the request of Debtor's [sic] counsel to September 18,

6   2009 from September 11, 2009." (*Id.*)  Wells Fargo indicated that it would not take further

7   action until directed to do so by the trustee. (*Id.*)

8          The Bankruptcy Court heard oral arguments for the motion on September 15, 2009, and

9   entered an order denying Appellants' motion for sanctions on December 10, 2009.

10  (Memorandum, Dec. 10, 2009, Dkt. 79, and Order, Dec. 10, 2009, Dkt. 78, ER 107-121 at Exs.

11  9-10, ECF Nos. 10-3, 10-4.)  During this time, the Bankruptcy Court entered its Order

12  discharging Appellants on November 19, 2009. (Order Discharging Debtor, Nov. 19, 2009,

13  Dkt. 70, ER 105-106 at Ex. 8, ECF No. 10-3.)

14          On appeal to the United States Bankruptcy Appellate Panel of the Ninth Circuit ("the

15  BAP"), the Bankruptcy Court's order was reversed and remanded for further proceedings.

16  (BAP Opinion, Aug. 4, 2010, Dkt. 133, ER 127-149 at Ex. 13, ECF No. 10-3.)

17          On remand, and after further evidentiary submissions and a hearing, the Bankruptcy

18  Court again denied Appellants' motion for sanctions, and granted Wells Fargo's motion for

19  entry of judgment pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. (Order and

20  Judgment, March 14, 2012, Dkt. 205, ER 413-415 at Ex. 26; Transcript of Jan. 23, 2012,

21  Hearing, Dkt. 200, ER 386-412 at Ex. 25, ECF No. 10-9.)

22          Appellants filed a timely Notice of Appeal (ECF No. 1), and Wells Fargo timely elected

23  to have the instant appeal heard by this Court instead of the BAP pursuant to 28 U.S.C. §

24  158(c)(1)(B) and Fed. R. Bankr. P. 8001(e) (ECF No. 5).

25          Now, on appeal before this Court, Appellants filed their Opening Brief (ECF No. 9) with

Excerpts of Record (ECF Nos. 10–12) and an Appendix (ECF No. 13). Appellee filed its Answering Brief (ECF No. 14) and Appellants filed a Reply Brief (ECF No. 15). Appellants later filed a Supplement (ECF No. 35), to which Appellee filed a Response (ECF No. 36).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a) and (b), federal district courts and bankruptcy appellate panels, where applicable, have jurisdiction to hear appeals from final judgments of bankruptcy judges.

"On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id*.

On appeal, conclusions of law are reviewed *de novo*, and factual findings are reviewed for "clear error." *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004). The Court will "accept findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id*. The Court may also affirm "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009).

## III. DISCUSSION

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Under this section, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

The commencement of a bankruptcy case automatically creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," with some exceptions. 11 U.S.C. § 541(a)(1).

Section 542 of the Bankruptcy Code requires the turnover of property to the estate to the trustee by "an entity, other than a custodian, in possession, custody, or control, during the case, of property that . . . the debtor may exempt under section 522 of this title." 11 U.S.C. § 542(a).

Section 522 of the Bankruptcy Code provides that individual debtors may claim as exempt certain property from property of the estate. 11 U.S.C. § 522(b).  Once such a claim has been properly asserted, the claimed property is exempt unless a party in interest objects within thirty days after the meeting of creditors pursuant to 11 U.S.C. § 341(a). Fed. R. Bankr. P. 4003(b).  If the thirty-day objection period runs without objection, then the claimed property revests in the debtor. *In re Gebhart*, 621 F.3d 1206, 1210 (9th Cir. 2010).  A distinction is drawn for claims to a partial interest in property of the estate, in that such assets themselves remain in the estate even after the expiration of the objection period, and what is removed is the equivalent dollar value of the debtor's partial interest at the time of the filing. *Id*.  As analyzed by the BAP, during the period from the date of the claim to the date of revesting, the debtor's interest in the claimed property is inchoate, in that the interest "has not fully developed, matured, or vested." *In re Mwangi*, 432 B.R. 812, 821 (9th Cir. BAP 2010) (quoting *Black's Law Dictionary* 830 (9th ed. 2009)).

In its opinion reversing the Bankruptcy Court's original order and remanding for further proceedings, the BAP held that "Wells Fargo 'exercised control' over [the account] funds, and it violated the automatic stay." *Id*. at 825.  In its conclusion, the BAP held:

> The bankruptcy court erred when it determined that Wells Fargo did not exercise control over property of the estate when it placed its administrative freeze on Appellants' account funds.  Appellants have standing to seek sanctions against Wells Fargo pursuant to § 362(k) for willful violation of the stay with respect to their interest in estate property.

1    *Id*. The BAP then described the determinations that must be made on remand:

2         On remand, the bankruptcy court should determine whether Wells Fargo's
         continuation of the administrative freeze and retention of the account funds
3         claimed exempt, in the absence of instructions from the trustee, was reasonable in
         light of the Appellants' demand that the subject account funds be released for their
4         use.  If the bankruptcy court determines that Wells Fargo's conduct entailed a
         willful violation of the stay under § 362(a), then the bankruptcy court will need to
5         determine what, if any, damages the Appellants are entitled to under § 362(k)(l).
         We leave those determinations to the bankruptcy court.
6

7    *Id*.

8         Decisions of the BAP are not binding upon this Court, but are treated "as persuasive

9    authority given its special expertise in bankruptcy issues and to promote uniformity of

10   bankruptcy law throughout the Ninth Circuit." *In re Silverman*, 616 F.3d 1001, 1005 n.1 (9th

11   Cir. 2010).  Here, the Court finds the BAP's analysis persuasive and likewise holds that § 522

12   bestows standing upon Appellants to pursue sanctions as parties with a claimed interest in the

13   property.  The Court also agrees with the BAP that the United States Supreme Court's holding

14   in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), does not apply here as Wells

15   Fargo has specifically stated that it was not attempting to exercise any setoff right by freezing

16   the accounts.  Furthermore, the Court's review of the appellate record supports a finding that

17   Wells Fargo's exercise of control over the property of the estate was not reasonable, and that

18   Wells Fargo willfully violated the automatic stay in failing to turn over the bank account funds

19   to the trustee pursuant to § 542.  However, as discussed below, the record does not support

20   Appellants' claim that they were injured by Wells Fargo's willful violation of the stay, and

21   even if there was injury, the record does not show clear error in the Bankruptcy Court's factual

22   findings as to damages.

23         At the January 2012 hearing, the Bankruptcy Court judge stated that he was granting

24   Wells Fargo's Rule 52(c) motion "on three alternative bases," the first of which related to

25   standing. (Transcript of Jan. 23, 2012, Hearing, Dkt. 200, ER 386-412 at Ex. 25, ECF No. 10-

9.)  Here, the parties appear to acknowledge that the Bankruptcy Court revisited the standing

issue in contravention of the BAP's holding.  However, Wells Fargo relies on the remainder of

the Bankruptcy Court's reasoning, and the record as a whole, to support affirmance of the

judgment and order.

At the hearing, the Bankruptcy Court judge began the remainder of his reasoning with

the statement that "even if there was some reason to believe that [Appellants] had an inchoate

right and something to do with it, I do not believe that the evidence, as presented, established

any significant or [sic] any damage whatsoever," and that he "did not find [Appellants]

credible." (*Id.* at 22:10–16.)  From this statement and his later discussion, the Bankruptcy Court

judge appears to make factual findings that Appellants failed to show injury and failed to show

any damages. (*See id.* at 24-25.)[1]

Section 362 of the Bankruptcy Code provides that an individual must be "*injured* by any

willful violation of a stay" to recover damages, whether actual or punitive. 11 U.S.C.

§ 362(k)(1) (emphasis added).  The record does not show that Appellants had a right to receive

the bank account funds during the time that Wells Fargo refused to release the funds to

Appellants; only the Trustee had that right, pursuant to section 542's turnover requirement.

Therefore, although Wells Fargo violated section 542's requirement to turn the funds over to

the Trustee, Appellants' claim of injury is not supported by the record where it is solely

premised on their inability to exercise control over the funds themselves.  The Bankruptcy

Court made a factual determination that Appellants' "inchoate" right (as described by the BAP)

to claim the funds as exempt was not injured by Wells Fargo's violation of section 542, and the

record does not support a finding otherwise.  This is particularly true where Appellants appear

---

[1] See *id.* at 24:23-25 – 25:1-2 for the Bankruptcy Court judge's statements as to injury ("I don't think there's any showing that there has been injury to the Debtor's interest in estate property . . ."), and at 25:17-21 for his statements as to damages (". . . I don't find that any of the evidence indicates – and if it does, I do not believe it – that any of the claimed damages were, in fact, attributable to any violation of the stay related to the Debtor's inchoate interest.").

to have ultimately received the full monetary equivalent of their claimed exemption at the direction of the Trustee, some time after their right vested, when Wells Fargo released the funds to Appellants upon the direction of the Trustee.  Therefore, the Bankruptcy Court's finding that there was no injury to Appellants' right as a result of Wells Fargo's violation of the stay is supported by the record, and the Court finds no clear error in the Bankruptcy Court's factual findings as to damages.

Accordingly, here, any errors of law are harmless where the Bankruptcy Court's decision may be affirmed on the alternate grounds provided – that Appellants failed to show injury and failed to show any damages.  Because these grounds are fairly supported by the record, and no clear error has been shown as to the Bankruptcy Court's factual findings, the Order and Judgment of the Bankruptcy Court may be affirmed, and the appeal shall be dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the order of the United States Bankruptcy Court for the District of Nevada is **AFFIRMED**.

**DATED** this __15__ day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge